# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

**REGINALD T MORRIS**          **CASE NO. 6:18-CV-01323 SEC P**
**#218060099E9**

**VERSUS**          **UNASSIGNED DISTRICT JUDGE**

**LAFAYETTE PARISH**          **MAGISTRATE JUDGE WHITEHURST**
**CORRECTIONAL CENTER ET AL**

## MEMORANDUM ORDER

*Pro se* plaintiff Reginald T. Morris, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 9, 2018. [Rec. Doc.1] He was granted leave to proceed in forma pauperis on November 19, 2018. [Rec. Doc. 9] Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Lafayette Parish Correctional Center (LPCC) and complains that he has been denied a religious diet. He sued LPCC, Chaplain Alex, Jennifer Jackson, Ms. Brown, Deputy Boyer and Sgt. White. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Amend Order*

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege facts which support the conclusion that his constitutional rights were violated by <u>each person</u> who is named as defendant. In other words, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). In other words, plaintiff must support his claim with facts such as,

(1) the name of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what each defendant did to violate plaintiff's rights;

(3) the place and date that each event occurred; and

(4) a description of the alleged injury sustained as a result of the alleged violation.

Plaintiff implies that his right to practice his religion is being interfered with because his request for a religious diet has not been accommodated. He alleges that for three days, September 14, 2018-September 17, 2018, he did not eat. He then filed a request for religious diet. Plaintiff also alleges that he was being fed less than

300 calories per meal, but it is not clear when he was receiving these portions and for how long.

Finally, he also makes allegations regarding the grievance and accounting systems.

*Conclusion*

Before this court determines the proper disposition of plaintiff's complaint, plaintiff should be given the opportunity to remedy the deficiencies identified above. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Therefore,

**IT IS ORDERED** that plaintiff amend his complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims or defendants plaintiff is unable to cure through amendment.

**In addition to the information required by Rule 8 as outlined above, plaintiff should provide the following:**

1. **What religion do you practice?**
2. **How long have you practiced this religion?**
3. **What diet have you requested?**
4. **On what date(s) do you allege you received a 300-calorie meal(s)?**
5. **How do you know how many calories are in these meals you allegedly received?**

6. After the September 18, 2018 request to the dietician and Chaplain, did you begin to receive the religious diet you requested?

7. As of this date, what type of meals are you receiving?

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W.**

THUS DONE in Chambers on this 13th day of December, 2018.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE