UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ABDUL W. U'DIN #353176**  **CASE NO. 6:18-CV-01323 SEC P**
*formerly known as Reginald T. Morris*

**VERSUS**  **JUDGE JUNEAU**

**LAFAYETTE PARISH**  **MAGISTRATE JUDGE WHITEHURST**
**CORRECTIONAL CENTER**

## REPORT AND RECOMMENDATION

Plaintiff Abdul W. U'Din, formerly known a Reginald T. Morris, filed a civil rights complaint pursuant to 42 U.S.C. §1983 on October 9, 2018. On August 13, 2019, the undersigned sent a Memorandum Order to plaintiff directing him to prepare summons for service of his complaint on the defendants within thirty (30) days of receipt of the order. Plaintiff has failed to comply with the Court's order.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This power

is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31.  Plaintiff has failed to comply with an Order directing him to submit service documents.  This failure on his part warrants dismissal.

Therefore,

**IT IS RECOMMENDED** that the civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

3

THUS DONE in Chambers on this 9th day of December, 2019.

**Carol B. Whitehurst**
**United States Magistrate Judge**